DA 06-0707

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 240N

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

RANDY ADAM HARRIS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC-2002-87
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Randy Adam Harris (Pro Se), Milltown, Montana

      For Respondent:

            Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant Attorney General, Helena, Montana

            Leo J. Gallagher, County Attorney; Lisa Lecki, Deputy County Attorney, Helena, Montana

FILED

SEP 1 8 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 29, 2007

Decided:  September 18, 2007

Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Randy Adam Harris (Harris) appeals from an order of the First Judicial District Court, Lewis and Clark County, denying his motion for resentencing. The District Court sentenced Harris to consecutive commitments to the Department of Corrections (DOC) for three different offenses, with five or fewer years commitment for each sentence. Harris argues that these sentences violate guidelines provided in § 46-18-201, MCA. Harris argues that § 46-18-201(3)(d)(i), MCA, limits DOC commitments to five year terms that may not run consecutively. We affirm.

¶3 Section 46-18-201(3) – (3)(d)(i), MCA, provides that the district court may impose a sentence of commitment to the DOC "[w]henever a person has been found guilty of an offense . . . , however, all but the first [five] years of the commitment to the [DOC] must be suspended. . . ." Harris argues that the statute's plain language indicates that the court erred when it sentenced him to three consecutive commitments to the DOC, totaling more than five years altogether. The State counters that the statute applies the five-year limitation to each separate offense, not multiple offenses. The State points out that district courts have authority and an obligation to impose consecutive DOC commitments for *separate* offenses.

2

*State v. Seals*, 2007 MT 71, ¶ 14, 336 Mont. 416, ¶ 14, 156 P.3d 15, ¶ 14 (citing § 46-18-401(4), MCA).

¶4    We review a criminal sentence for legality only. In other words, we review whether the sentence falls within statutory parameters. *State v. Denham*, 2005 MT 26, ¶ 5, 326 Mont. 24, ¶ 5, 107 P.3d 1263, ¶ 5. A question of statutory interpretation presents a question of law that we review for correctness. *Denham*, ¶ 5.

¶5    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶6    We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices